UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRZYSZTOF F. WOLINSKI,<br><br>Plaintiff,<br><br>v.<br><br>KATHLEEN ALLISON, et al.,<br><br>Defendants. | No. 2:22-cv-0451-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He seeks leave to proceed in forma pauperis ("IFP"). *See* 28 U.S.C. § 1915(a). For the reasons stated below, the court finds that plaintiff has not demonstrated he is eligible to proceed in forma pauperis.

A prisoner may not proceed in forma pauperis:

if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). A review of court records reveals that it was determined in *Wolinkski v. Hatton*, No. 15-cv-05517-SI (N.D. Cal. Aug. 12, 2016), that plaintiff has "struck out" under 28 U.S.C. § 1915(g). *See Wolinski v. Hatton*, No. 3:15-cv-05517-SI, 2016 U.S. Dist. LEXIS 41648

1

(N.D. Cal. Mar. 28, 2016).  Indeed, on at least three prior occasions, plaintiff has brought actions while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  *See* (1) *Wolinski v. Los Angeles County Superior Court*, No. 2:12-cv-6775-UA-MRW (C.D. Cal. Aug. 14, 2012) (denying IFP on grounds that complaint failed to state a claim upon which relief could be granted); (2) *Wolinski v. Court of Appeal Second Appellate District*, No. 2:12-cv-6902-UA-MRW (C.D. Cal. Aug. 24, 2012) (denying IFP on grounds that complaint failed to state a claim upon which relief could be granted); (3) *Wolinski v. Court of Appeal Second Appellate District*, No. 12-56817 (9th Cir. Feb. 29, 2013) (finding that plaintiff's appeal was frivolous and denying IFP); (4) *Wolinski v. Shaffer*, No. 2:14-cv-2492-MCE-EFB (E.D. Cal. Aug. 12, 2015) (dismissing action for failure to state a claim upon which relief could be granted); (5) *Wolinski v. Acosta*, 1:15-cv-0519-DAD-SAB (E.D. Cal. July 27, 2016) (dismissing action for failure to state a claim upon which relief could be granted); and (6) *Wolinski v. Diaz*, No. 2:16-cv-09566-JFW-MRW (C.D. Cal. Jan. 26, 2017) (dismissing action for failure to state a claim upon which relief could be granted).

The section 1915(g) exception applies if the complaint makes a plausible allegation that the prisoner faced "imminent danger of serious physical injury" at the time of filing.  28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007).  Here, plaintiff commenced this action on February 28, 2022, while he was confined to the California Health Care Facility, where he remains incarcerated.  The main issues raised by plaintiff's complaint are claims that he has been denied access to call the Polish consulate and his inmate grievances have been ignored.  Plaintiff also alleges that while confined to Salinas Valley State Prison in 2021, he suffered seizures, head injuries, and a broken nose, was denied supplies for incontinence, and attempted suicide.  Plaintiff also alleges that while confined to the California Medical Facility in 2021, he suffered another seizure and head injury.  Significantly, the complaint does not allege that plaintiff faced an imminent danger of serious physical injury at the time plaintiff filed the complaint.

/////

/////

2

Plaintiff's application for leave to proceed in forma pauperis must therefore be denied pursuant to § 1915(g).  Plaintiff must submit the appropriate filing fee in order to proceed with this action.

Accordingly, it is ORDERED that the Clerk of the Court shall randomly assign a United States District Judge to this action.

Further, because plaintiff has not paid the filing fee and is not eligible to proceed in forma pauperis, it is RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) be denied; and

2. Plaintiff be ordered to pay the $402 filing fee within fourteen days from the date of any order adopting these findings and recommendations and be warned that failure to do so will result in the dismissal of this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 16, 2022.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE